1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                            FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    KENNETH BAKER,                                    1:16-cv-01943-LJO-EPG

12                            Plaintiff,

13                    v.                                 MEMORANDUM DECISION AND
                                                         ORDER DENYING PLAINTIFF'S
                                                         MOTION TO REMAND; GRANTING
14    WELLS FARGO BANK, N.A., *et al.*,                  DEFENDANT'S MOTION TO
                                                         DISMISS; ORDER TO SHOW CAUSE
15                            Defendants.                TO PLAINTIFF'S COUNSEL

16                                                       (ECF Nos. 6 & 9)

17

18                                    I. __INTRODUCTION__

19            On October 26, 2016, Plaintiff Kenneth Baker filed suit in Stanislaus County Superior Court

20    against Defendants World Savings Bank; Wells Fargo Home Mortgage (a division of Wells Fargo

21    Bank); Barrett, Daffin, Frappier, Treder & Wiess, LLP ("Barrett"); "All Persons or Entities Unknown

22    Claiming Any Legal or Equitable Right, Title, Estate, or Interest in the Property Described in this

23    Complaint Adverse to Plaintiff's Title, or Any Cloud Upon Plaintiff's Title Thereto," and Does 1-100,

24    inclusive. Complaint, ECF No. 1, Ex. A ("Compl."). Through this suit, Plaintiff is attempting to stop a

25    pending non-judicial foreclosure commenced by Defendant Wells Fargo Bank ("Wells Fargo") of real

                                                    1

1  property commonly known as 2117 Shaddox Avenue, Modesto, California ("the Property"), and to void

2  the previously recorded foreclosure notices related to the Property. *Id.* Plaintiff brings the following

3  claims against Defendants: 1) Quiet Title; 2) Wrongful Foreclosure; 3) Declaratory Relief; 4)

4  Cancellation of Instrument; 5) Slander of Title; 6) Violation of California Homeowner Bill of Rights; 7)

5  Violation of California Civil Code § 2936; 8) Violation of California Civil Code § 2934(a)(1)(A); 9)

6  Violation of Unfair Business Practices under California Business & Professional Code §§ 17200, *et seq.*;

7  and 10) Fraud. *Id.*

8         Wells Fargo, invoking diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441(b),

9  removed the case to this Court on December 30, 2016. ECF No. 1. On January 6, 2017, Wells Fargo

10  filed a motion to dismiss the Complaint pursuant to Federal Rule[1] of Civil Procedure 12(b)(6), setting

11  the motion hearing for February 9, 2017. ECF No. 6. Following the expiration of the opposition and

12  reply filing deadlines, the Court took Wells Fargo's motion to dismiss under submission for decision on

13  the papers. ECF No. 8; *see also* E.D. Cal. L.R. 230(c) & (d).

14         On the same day the Court issued its minute order, Plaintiff filed both a motion to remand the

15  Complaint, setting the motion hearing for March 6, 2017 (ECF No. 9), and an untimely opposition to

16  Wells Fargo's motion to dismiss (ECF No. 10). In the opposition, Plaintiff's counsel apologized for her

17  failure to file a timely opposition, and indicated her failure to do so was on account of the fact that the

18  Court had not yet ruled on Plaintiff's simultaneously-filed motion to remand, and that Wells Fargo did

19  not serve her with a copy of its motion to dismiss. ECF No. 10 at 2.[2] Wells Fargo subsequently filed a

20  reply in connection with its motion to dismiss, in which it contests both of Plaintiff's assertions (ECF

21  No. 11) and has filed an opposition to Plaintiff's motion to remand (ECF No. 12). Plaintiff did not file a

22  reply in connection with his motion to remand. *See* ECF No. 13.

23  _____

24  [1] All further references to any "Rule" are to the Federal Rules of Civil Procedure unless otherwise indicated.

25  [2] Pincites refer to CM/ECF pagination located at the top of each page.

1    The pending matters are suitable for disposition without oral argument. *See* E.D. Cal. L.R.

2    230(g); ECF No. 13. For the reasons the follow, the Court DENIES Plaintiff's motion to remand,

3    GRANTS Wells Fargo's motion to dismiss for lack of standing, and ORDERS Plaintiff's counsel Laleh

4    Ensafi to show cause why she should not be sanctioned for violating Rule 11(b).

5                                  **II. SUMMARY OF COMPLAINT**

6    The crux of the Complaint is that Defendants failed to comply with the requirements of the

7    California Civil Code in executing a non-judicial foreclosure of the Property, as follows:

8    On or around October 19, 2006, Lamar and Lena Baker executed as borrowers "that Certain

9    Deed of Trust in the amount of $175,000, ('Deed of Trust') securing a Promissory Note in like amount,

10   ('Note'), secured by the Property." ECF No. 1 at 17. The Property is located in Modesto, Stanislaus

11   County, California. *Id.* at 14. The Deed of Trust reflects that its beneficiary is World Savings Bank, and

12   its trustee is Golden West Savings Association Service Co. *Id.* "No assignments of the Deed of Trust or

13   Substitutions of Trustees have ever been recorded concerning the obligations and parties reflected in the

14   Deed of Trust." *Id.*

15   On October 12, 2012, Wells Fargo, through its "agent" NDEX West LLC, caused a Notice of

16   Default to be recorded in relation to the Property. *Id.* Deutsche[3] recorded or cause to be recorded another

17   Notice of Default ("NOD1"), and listed itself as the entity to contact, and declared that it had complied

18   with the requirements of section 2923.5 of the California Civil Code ("§ 2923.5"), when it had not in

19   fact complied with this section. *Id.* The NOD1 incorrectly named Wells Fargo as the beneficiary,

20   because it did not reflect when Wells Fargo "allegedly became" the beneficiary of the Deed of Trust. *Id.*

21   at 17-18. Because Wells Fargo was not the current beneficiary at the time Deutsche recorded the NOD1,

22   NDEX had no basis to execute the NOD1. *Id.* at 18. On January 25, 2013, NDEX noticed a Trustee Sale

23   for February 19, 2013, in relation to the Property. *Id.* The Trustee Sale was postponed several times. *Id.*

24   ─────────────────────

25   [3] The Complaint lists Deutsche as a Defendant in this particular allegation but does not name Deutsche as a Defendant.

1    On November 22, 2013, a certificate of death for Lamar Baker (indicating that he had passed

2    away on November 22, 2011) was filed with the Stanislaus County Recorder in connection with an

3    "Affidavit – Death of Joint Tenant" relating to the Property. *Id.* at 18.

4    On February 18, 2014, the interest in the Property was conveyed via quitclaim deed from Lena

5    Baker, the original borrower, to Plaintiff. *Id.* at 16. Lena Baker passed away on February 26, 2014. *Id.*

6    Since that time, the Property "as fully and legally described [in the Complaint], and the essence of the

7    instant action was residential real property indisputably owned of record by Plaintiff, in fee simple." *Id.*

8    Plaintiff is the trustee[4] of the Lena Mae Baker Trust. *Id.* at 14.

9    On June 23, 2015, NDEX published another Trustee Sale, noticing a sale date of July 16, 2015.

10   *Id.* at 18. While the NOD1 which had resulted in the first two Trustee Sales was still pending,

11   "Defendants initiated another concurrent duplicate foreclosure process by recording a new Notice of

12   Default on July 29, 2016." *Id.* Defendants then rescinded the NOD1 on August 31, 2016. *Id.*

13   In the Declaration of Compliance pursuant to § 2923.5 attached to the Notice of Default recorded

14   on July 29, 2016, Evelia Garcia, an agent of Wells Fargo, declared that Wells Fargo had contacted the

15   borrower [of the Property] "to assess the borrower's financial situation and explore options to avoid

16   foreclosure." *Id.* at 19. Furthermore, Jeffrey Joplin, another agent of Wells Fargo, declared that Wells

17   Fargo had been unable to contact the borrower. *Id.* However, because both Lamar and Lena Baker had

18   passed away by July 2016, the declarations signed by Garcia and Joplin constitute a violation of

19   § 2923.5. *Id.*

20   **III. <u>MOTION TO REMAND</u>**

21   Because it concerns the Court's subject matter jurisdiction, the Court will first address Plaintiff's

22   motion to remand.

23   //

24   _____

25   [4] The Complaint is littered with typographical errors. While the Complaint describes Plaintiff as the "Trastee" of the Lena Mae Baker Trust, the Court assumes that the Complaint intended to state that Plaintiff is the "Trustee."

1    **A.**    **Legal Standard**

2          Removal to federal court is governed by 28 U.S.C. § 1441, which in relevant part states that "any

3    civil action brought in a State court of which the district courts of the United States have original

4    jurisdiction, may be removed by the defendant or defendants." Original jurisdiction may be based on

5    diversity or the existence of a federal question, as set forth in 28 U.S.C. §§ 1331 and 1332. District

6    courts have diversity jurisdiction over all civil actions between citizens of different states where the

7    amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. "Federal

8    jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v.*

9    *Miles, Inc*., 980 F.2d 564, 566 (9th Cir.1992) (per curiam). The defendant always bears the burden of

10   establishing that removal is proper, and the Court "resolves all ambiguity in favor of remand." *Hunter v.*

11   *Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir.2009)

12   **B.**    **Analysis[5]**

13          In this motion, Plaintiff provides three arguments for remand: 1) Wells Fargo did not obtain

14   unanimity of consent from co-defendants before filing the notice of removal, and that the case was

15   removed before Plaintiff could request service on the unknown defendants (*id.* at 5-6); 2) that this case

16   lacks a federal question (*id.* at 6-7); and 3) that the Court lacks diversity jurisdiction over this case

17   because the citizenship of the unknown Defendants is unknown and violates the "no local defendants"

18   rule (*id.* at 7-9).

19          Regarding the first argument, Wells Fargo correctly noted in its notice of removal that the

20   general requirement of consent does not apply to "nominal, unknown, or fraudulently joined parties."

21   ECF No. 1 at 11 (citing *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 (9th Cir. 1988)). The Notice

22   of Removal demonstrates that Barrett, as a trustee named on the Deed of Trust encumbering the

23   Property with only a ministerial role in the foreclosure process is only a nominally joined party. *See id.*

24   _____

25   [5] Because Plaintiff's motion to remand presented a challenge to this Court's subject matter jurisdiction, the Court finds it is
     not subject to the statutory 30-day deadline. *See* 28 U.S.C. § 1447(c).

5

at 7-8. In a declaration of non-monetary status filed in the state court case before Wells Fargo removed this case, counsel for Barrett avers that Barrett "knows or maintains a reasonable belief that it has been named as a defendant solely in its capacity as a substitute trustee under said Deed of Trust and that plaintiff does not assert any legally viable claims for monetary relief against [Barrett]." ECF No. 1 at 101-03 (Ex. B). Furthermore, Barrett also consented to the removal of this case. ECF No.1-3. The consent of the remaining defendants, all of whom are unknown or fictitious, was not required for removal, under the plain language of the removal statute. *See* 28 U.S.C. § 1441(b)(2)(A); *Tatevossian v. Wells Fargo Bank*, CV 16-03135 AB (MRWx), 2016 WL 4367235, at *3 (C.D. Cal. Aug. 12, 2016) ("Plaintiff's second argument that the lack of consent from and unknown citizenship of the Doe Defendants undermines subject matter jurisdiction fails under the plain language of the removal statutes … [O]nly defendants who have been served need join in or consent to removal.").

Plaintiff's second argument that there is no federal question to resolve in this case is moot because the Court has diversity jurisdiction.[6] Pursuant to 28 U.S.C. § 1332(a)(1), "district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between … citizens of different States." Plaintiff does not appear to dispute the amount in controversy. According to the Complaint, the residential loan at issue in this case was in the amount of $175,000. ECF No. 1 at 17; *see also Chapman v. Deutsche Bank Nat. Trust Co.*, 651 F. 3d 1039, 1045 n.2 (9th Cir. 2011) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."); *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1028-29 (N.D. Cal. Oct. 27, 2010) ("Numerous courts have held that, where a complaint seeks to invalidate a loan secured by a deed

---

[6] As Wells Fargo pointed out in its opposition (ECF No. 12 at 3-4), Plaintiff has admitted that the Court has diversity jurisdiction in his opposition to Wells Fargo's motion to dismiss. *See* ECF No. 10 at 3 ("The Court's jurisdiction over this matter is pursuant to diversity jurisdiction."); at 6-7 ("This Court has original jurisdiction over the claims in the action based on 28 U.S.C. § 1332 which confers original jurisdiction on federal district courts in suits between diverse citizens that involve an amount in controversy in excess of $75,000.00.").

1  of trust, the amount in controversy is the loan amount."). Moreover, the parties in this case are

2  completely diverse. In the Complaint, Plaintiff alleges that he is a citizen of Stanislaus County,

3  California. ECF No. 1 at 14. Plaintiff is therefore a citizen of California for purposes of diversity

4  jurisdiction. *Gaudin v. Remis*, 379 F.3d 631, 636 (9th Cir. 2004). Of the remaining[7] named Defendants,

5  only the citizenship of Wells Fargo is used to determine whether the requirements for diversity

6  jurisdiction have been met.[8] *Meadows v. Bicrodyne Corp.*, 785 F.2d 670, 672 (9th Cir. 1986) (following

7  merger, the citizenship of the surviving entity is considered for diversity purposes); *see also Moore v.*

8  *Wells Fargo Bank*, CIV No. 2:16-566 WBS CKD, 2016 WL 3091087, at *3 (E.D. Cal June 2, 2016)

9  ("Though the original lender under plaintiff's loan merged with Wells Fargo, the court considers Wells

10  Fargo's citizenship because it is the surviving entity from that merger."). Wells Fargo is a national bank,

11  which is a corporate entity "chartered not by any State, but by the Comptroller of the Currency of the

12  U.S. Treasury." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006). Pursuant to 28 U.S.C. § 1348, "a

13  national banking association is a citizen only of the state in which its main office is located." *Rouse v.*

14  *Wachovia Mortg., FSB*, 747 F.3d 707, 715 (9th Cir. 2014). Wells Fargo has presented evidence

15  indicating that its main office is in South Dakota; therefore, it is a citizen of South Dakota. ECF No. 1 at

16  111-12 (Ex. F) (true and correct copies of the FDIC Profile and the Articles of Association for Wells

17  Fargo Bank, N.A., as issued by the Office of the Comptroller of the Currency, Administrator of National

18  Banks, indicating that the main office of Wells Fargo is in Sioux Falls, South Dakota). Because Plaintiff

19  is a citizen of California and Wells Fargo is a citizen of South Dakota, there is complete diversity of

20  

_____

21  [7] Because Barrett was a mere trustee in the foreclosure process and therefore lacked any monetary interest in the Property,
and the Complaint does not contain any specific allegations against Barrett, the Court may disregard Barrett's citizenship for

22  purposes of diversity jurisdiction analysis. *See Ventimiglia v. Wells Fargo Bank, N.A.*, No. CIV. 2:13-00953 WBS CMK,
2013 WL 3367330, at *1 n.1 (E.D. Cal. July 5, 2013) ("[C]ourts have recognized the limited role of a non-monetary trustee

23  in mortgage litigation and have accordingly disregarded its citizenship in determining diversity jurisdiction upon removal.").

24  [8] The Complaint names World Savings Bank, FSB and Wells Fargo Home Mortgage as defendants. Wells Fargo has
provided evidence that effective  December 31, 2007, World Savings Bank changed its name to Wachovia Mortgage, FSB
(*see* ECF No. 1 at 107 (Ex. C)), and effective November 1, 2009, Wachovia Mortgage, FSB, was converted into Wells Fargo

25  Bank Southwest, N.A., and merged into Wells Fargo Bank, N.A. (*see id.* at 109 (Ex. D)).

1   citizenship between the parties, which provides the Court with diversity jurisdiction over this case.[9] *See*

2   28 U.S.C. § 1332. Accordingly, the Court DENIES Plaintiff's motion to remand.

3                                   IV. <u>MOTION TO DISMISS</u>[10]

4   **A.    <u>Legal Standard</u>**

5           A motion to dismiss pursuant to Rule 12(b)(6) is a challenge to the sufficiency of the allegations

6   set forth in the complaint. Dismissal under Rule 12(b)(6) is proper where there is either a "lack of a

7   cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory."

8   *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss

9   for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes

10  the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the

11  pleader's favor. *Lazy Y. Ranch LTD v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

12          To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a

13  claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A

14  claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the

15  reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S.

16  662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for

17  more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at

18  _____

19  [9] Plaintiff's argument that naming Does 1-100 and "All persons or entities unknown claiming any legal or equitable right,
    title, estate, lien or interest in the Property described in this Complaint" defeats diversity jurisdiction is meritless. Pursuant to

20  the removal statute, "[i]n determining whether a civil action is removable on the basis of [diversity jurisdiction], the
    citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); *see also Woodard v.*
    *Wells Fargo Bank, N.A.*, No. 5:14-CV-01017-ODW, 2014 WL 3534086, at *2 (C.D. Cal. July 16, 2014) (argument that

21  "unknown Defendants are unknown as well as their whereabouts" failed "based on well-established principles of law.");
    *Woodard v. Wells Fargo Bank, N.A.*, No. 5:14-CV-01017-ODW, 2014 WL 5089411 (C.D. Cal. Oct. 8, 2014) (denying

22  plaintiff's counsel's motion to set aside or vacate the order denying her remand motion and ordering plaintiff's counsel to
    show cause why the court should not sanction her for violating Rule 11(b)).

23  [10] Wells Fargo has requested that the Court take judicial notice of several documents in support of its motion to dismiss, six
    of which are documents that relate directly to the ownership of the Property (Exs. A-C and I-K), and five of which are

24  documents reflecting official acts of the executive branch of the United States that relate to the merger of Wells Fargo (Exs.
    D-H). Plaintiff has not objected to this request. Because all of these documents are proper subjects for judicial notice

25  pursuant to Federal Rule of Evidence 201 in that they are either referenced in the complaint or are matters of public record
    whose accuracy cannot reasonably be questioned, the Court GRANTS Wells Fargo's request.

1   556). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual

2   allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more

3   than labels and conclusions." *Twombly*, 550 U.S. at 555 (internal citations omitted). Thus, "bare

4   assertions . . . amount[ing] to nothing more than a 'formulaic recitation of the elements' . . . are not

5   entitled to be assumed true." *Iqbal*, 556 U.S. at 681. "[T]o be entitled to the presumption of truth,

6   allegations in a complaint . . . must contain sufficient allegations of underlying facts to give fair notice

7   and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th

8   Cir. 2011). In practice, "a complaint . . . must contain either direct or inferential allegations respecting

9   all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550

10  U.S. at 562. To the extent that the pleadings can be cured by the allegation of additional facts, a plaintiff

11  should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern Cal. Collection Serv., Inc.*,

12  911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

13  **B.    <u>Analysis</u>**

14          Wells Fargo first argues that Plaintiff lacks standing to bring the claims set forth in the

15  Complaint because he is not a "real party in interest" within the meaning of Rule 17(a)(1). ECF No. 6 at

16  17-18. Because Wells Fargo has challenged Plaintiff's prudential standing, rather than his constitutional

17  standing, the motion is proper under Rule 12(b)(6). *See Doe v. Hamburg*, No. C-12-3412 EMC, 2013

18  WL 3783749, at *5 (N.D. Cal. July 16, 2013) ("While constitutional standing is evaluated under [Rule]

19  12(b)(1), prudential standing is evaluated under Rule 12(b)(6)."); *see also Wolfson v. Brammer*, 616

20  F.3d 1045, 1056 (9th Cir. 2010) ("the doctrine of prudential standing requires us to consider, among

21  other things, … whether the plaintiff is asserting her own rights or the rights of third parties …").

22          Wells Fargo acknowledges that Plaintiff has alleged that Lena Baker passed away on February

23  26, 2014, that her interest in the Property was transferred to Plaintiff by quitclaim deed on February 28,

24  2014, and that Plaintiff is the Trustee of the Lena Mae Baker Trust. ECF No. 6 at 17-18. However,

25  Wells Fargo argues: 1) the Complaint does not include any allegations regarding the current status of

1    Lamar Baker or how his interest in the Property was transferred to Lena Baker, the trust, or Plaintiff; 2)

2    the Complaint does not include allegations regarding Lena Baker's conservatorship or how Plaintiff

3    came to be designated as the Conservator with legal authority to execute the quitclaim deed; 3) Plaintiff

4    does not assert any allegations regarding the creation of the Lena Mae Baker Trust or any factual

5    allegations as to the legal document that named him the trustee; and 4) because Plaintiff was not a

6    borrower on the subject loan, he lacks standing to challenge the foreclosure of the Property and to bring

7    related claims. *Id.* at 18. Plaintiff's untimely opposition fails to address any of these arguments. *See* ECF

8    No. 10.

9            Wells Fargo's first contention regarding the whereabouts of Lamar Baker is erroneous. In the

10   Complaint, Plaintiff alleges that Lamar Baker passed away on November 22, 2011. ECF No. 1 at 18.

11   Furthermore, he filed alongside the Complaint a copy of Lamar Baker's death certificate and the

12   Affidavit – Death of Joint Tenant filed with the Stanislaus County Recorder on November 21, 2013. *Id.*

13   at 75-76. However, upon review of the judicially noticeable documents in this case, which includes a

14   notarized quitclaim deed, filed with the Stanislaus County Recorder on February 18, 2014, conveying

15   the Property[11] from Lena Baker to Plaintiff, whom the deed lists as a "Conservator" (ECF No. 1 at 49),

16   the Court is persuaded by Wells Fargo's argument that the Complaint fails to allege adequately that

17   Plaintiff is a "real party in interest" within the meaning of Rule 17(a). The Court acknowledges that Rule

18   17(a) permits trustees to sue on behalf of the real party in interest and that at this stage of proceedings,

19   the Court is obliged to assume the truth of the allegations in the Complaint that the interest in the

20   Property was conveyed from original borrowers Lena and Lamar Baker to Plaintiff, and that Plaintiff is

21   a trustee. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

22           Nevertheless, even assuming the truth of these allegations, the Court finds that Plaintiff lacks

23   prudential standing because the Complaint fails to state a claim upon which relief can be granted. Under

24   _____

25   [11] The quitclaim deed describes the Property as "Lot 25 in Block 5122 of Westridge No 2 as per map filed on March 21, 1978 in Vol. 27 of Maps Page 54, Stanislaus County Records Assessor Parcel Number: 081-023-017-000." ECF No. 1 at 49. The Deed of Trust, signed by Lamar and Lena Baker, provides an identical description of the Property. ECF No. 6-1 at 29.

California law,

> Upon the transfer of real property covered by a mortgage or deed of trust as security for an indebtedness, the property remains subject to the secured indebtedness but the grantee is not personally liable for the indebtedness or to perform any of the obligations of the mortgage or trust deed unless his agreement to pay the indebtedness, or some note or memorandum thereof, is in writing and subscribed by him or his agent or his assumption of the indebtedness is specifically provided for in the conveyance.

*Cornelison v. Kornbluth*, 542 P.2d 981, 985-86 (1975) (In Bank). The quitclaim deed makes no mention of the Deed of Trust or any other encumbrance on the Property. *See* ECF No. 1 at 49. Both the Complaint and its supporting record are devoid of any allegation or indication that Plaintiff has expressly agreed to pay the indebtedness or to perform any of the obligations of the mortgage, or that he has made any effort to fulfill the obligations imposed by the Deed of Trust on the borrowers. Furthermore, the Deed of Trust lists only Lamar and Lena Baker as borrowers on the subject loan. *See* ECF No. 6-1, Ex. B.

In *Ward v. Wells Fargo Home Mortgage*, a court in the Northern District of California confronted a similar scenario. *See* No. 14-cv-00565 NC, 2014 WL 3885836 (N.D. Cal. Aug. 7. 2014). As is the case here, the complaint in *Ward* alleged that a deceased individual, rather than the plaintiff, was the borrower and the sole party to the mortgage contract with Wells Fargo, and that the decedent transferred title to the property to a trust and that the plaintiff was the trustee of that trust. *Id.* at *2. However, the complaint did not allege "that the trust was a party to the mortgage contract or that [the decedent] assigned his contract rights to the trust." *Id.* Accordingly, the court determined that the decedent, rather than the plaintiff, had standing to pursue the contract-related claims. *Id.* The court also observed that "under California law, when the party to a contract is deceased, claims arising out of the contract may still live on." *Id.* at *3 (citing *Barney v. Aetna Cas. & Sur Co.*, 185 Cal. App. 3d 966, 974 (1986), and *Tatum v. City and Cnty. of S.F.*, 441 F.3d 1090, 1094 n.2 (9th Cir. 2006)). The court found that the plaintiff could bring the action if she was "the personal representative of [the decedent]'s estate or his successor in interest. But the complaint does not allege that plaintiff holds either of these

1   positions." Accordingly, the court dismissed the case for lack of standing, but granted the plaintiff leave

2   to amend "to either plead facts supporting her standing, or to substitute the proper plaintiff." *Id*.

3   Here, the Court finds it appropriate to take the same approach. Given that Plaintiff has alleged

4   (and provided evidence) that both Lamar and Lena Baker are deceased, it remains possible that Plaintiff

5   is a trustee within the meaning of Rule 17(a), and therefore that he has prudential standing to assert the

6   Complaint's claims. However, the sheer possibility that Plaintiff has standing is not enough to survive a

7   Rule 12(b)(6) motion. *Iqbal*, 556 U.S. at 678. The Complaint fails to allege any connection between the

8   subject loan and Plaintiff, and the Court's review of the record revealed nothing that would suggest that

9   Plaintiff himself has standing to challenge the foreclosure of the Property. Therefore, the Court

10  GRANTS Wells Fargo's motion to dismiss for lack of prudential standing.[12] Dismissal shall be with

11  leave to amend.

12  **V. <u>ORDER TO SHOW CAUSE TO PLAINTIFF'S COUNSEL</u>**

13  Plaintiff's counsel Laleh Ensafi filed the motion to remand after the Court issued a minute order

14  indicating that the deadline to file an opposition to Wells Fargo's motion to dismiss had expired, and

15  taking the matter under submission.  *See* ECF Nos. 8 & 9. Ms. Ensafi stated that she failed to file a

16  timely opposition to the motion to dismiss because the Court had not yet ruled on the pending motion to

17  remand—which she had just filed—and because she was never served with a copy of the motion to

18  dismiss filed by Wells Fargo. ECF No. 10 at 2. Ms. Ensafi signed the opposition and filed it on February

19  3, 2017. *Id.* at 12; *see also* E.D. Cal. L.R. 131(c) ("Anything filed using an attorney's name, login, and

20  password will be deemed to have been signed by that attorney for all purposes, including Fed. R. Civ. P.

21  11").

22  The chronology of these events is not lost on the Court, and it seems most likely that Ms. Ensafi

23

24

25

---

[12] Because the Court has granted Wells Fargo's motion to dismiss on the issue of standing, the Court declines to reach the remaining claims in this case.

1   filed the remand motion in order to stall the adjudication of this case when she failed to file a timely

2   opposition to Wells Fargo's motion to dismiss. Furthermore, upon review of the motion to remand, it is

3   difficult not to deduce that Ms. Ensafi has merely copied and pasted a brief from another motion to

4   remand without even bothering to substitute in the correct names[13] and dates[14], or research whether

5   remand was a legally supportable option in this case. It is also clear that Ms. Ensafi was not being

6   forthright when she stated that she "was never served a copy of the Motion to Dismiss filed by

7   Defendant Wells Fargo Bank, N.A." ECF No. 10 at 2. According to the Court's CM/ECF system,

8   Defense Counsel Scott Reigle filed the Motion to Dismiss at 2:50 PM PST on January 6, 2017, and

9   notice was electronically mailed to Ms. Ensafi at two email addresses: lensafi@lpralc.com and

10   ensafilaw@gmail.com. *See* ECF No. 6; *see also* E.D. Cal. L.R. 135(a) ("Service" as utilized in these

11   Rules includes electronic service as set forth in the CM/ECF procedures in these Rules.").

12          In its order denying a motion to remand substantially similar to the one in this case filed by Ms.

13   Ensafi, a court in the Central District of California warned Ms. Ensafi that the arguments she had made

14   in a motion to remand were "so clearly erroneous" that it found that Ms. Ensafi had "skirt[ed] the line of

15   violating Federal Rule of Civil Procedure 11." *Woodard v. Wells Fargo Bank, N.A*, No. 5:14-cv-01017-

16   ODW (SHx), 2014 WL 3534086, at *2 n.3 (C.D. Cal. July 16, 2014). After Ms. Ensafi subsequently

17   filed a Rule 60 motion to set aside, vacate or vacate judgment of dismissal the court's order, not only did

18   the court deny the motion, but the court also ordered Ms. Ensafi to show cause why she should not be

19   sanctioned for violating Rule 11(b) because she raised the same meritless arguments that the court had

20   rejected in ruling on her motion to remand. *Woodard v. Wells Fargo Bank, N.A*, No. 5:14-cv-01017-

21   ODW (SHx), 2014 WL 5089411, at *3 (C.D. Cal. Oct. 8, 2014).

22   _____

23   [13] The motion to remand makes two references to "BOFA" (which the Court assumes to mean "Bank of America"), which is not referred to elsewhere in this case. *See* ECF No. 9 at 6, 8.

24   [14] The motion to remand refers to "a Notice of Pendency of Action [] recorded on the property in the Riverside County Recorder's Office on March 10, 2014," ECF No. 9 at 6, and at least two times, indicates that it seeks remand to Fresno

25   County Superior Court, *id.* at 2, 3. However, this case arose in Stanislaus County and was not commenced until October 26, 2016. *See* Complaint.

13

The Court believes that Ms. Ensafi's conduct in this case likewise warrants the consideration of substantial sanctions[15] under Rule 11(c)(3). It is apparent that Ms. Enfari has presented to this Court a written motion, certifying to the best of her knowledge, information, and belief, that the motion was "not presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and the "claims … and only legal contentions are warranted by existing law or by nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," when the motion did in fact cause unnecessary delay and presented claims not warranted by existing law. *See* Rule 11(b). Accordingly, the Court **ORDERS** Ms. Ensafi **TO SHOW CAUSE**, in writing, no later than **Friday, March 17, 2017**, why the Court should not sanction her for violating Rule 11(b). Ms. Ensafi's response should 1) address her reasons for stating that she was not served with Wells Fargo's motion to dismiss, when the Court's review of the record indicates that she was in fact served via the CM/ECF system; 2) describe her efforts in researching and drafting the motion to remand, especially in light of the fact that in her simultaneously-filed opposition brief, she asserted that the Court has diversity jurisdiction over this case (ECF No.10 at 3, 6-7); and 3) address her reasons for filing the motion to remand at 12:57 PM PST and then filing her opposition to Wells Fargo's motion to dismiss at 1:16 PM PST, and why she believed anyone would find it credible that she "erroneously failed to file an opposition [to the motion to dismiss] due to the fact that the motion to remand had not been decided." *See* E.D. Cal. L.R. 110. Ms. Ensafi's response is to be in Declaration form and under oath. Defendants may file an optional responsive brief on or before **March 24, 2017**. If necessary, the Court will set a hearing on the matter.

//

//

//

---

[15] Any sanctions will only be levied against Ms. Ensafi, not Plaintiff Kenneth Baker. Fed. R. Civ. P. 11(c)(5).

1

## VI. <u>CONCLUSION AND ORDERS</u>

For the reasons stated above:

1) Plaintiff Kenneth Baker's motion to remand (ECF No. 9) is **DENIED**.

2) Defendant Wells Fargo's motion to dismiss (ECF No. 6) is **GRANTED**. Plaintiff shall have 10 days from electronic service of this order to file an amended complaint. Plaintiff is cautioned that he should only amend if amendment would not be futile based on the law and findings in this Order.

3) Plaintiff's Counsel Laleh Ensafi (SBN 268917) is **ORDERED TO SHOW CAUSE** by **<u>March 17, 2017</u>** why she should not be sanctioned for violating Rule 11(b), as described above.


IT IS SO ORDERED.

Dated:   **<u>March 9, 2017</u>**                    **<u>/s/ Lawrence J. O'Neill</u>**
                                                        UNITED STATES CHIEF DISTRICT JUDGE