# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **KENNETH BAKER,** | 1:16-cv-01943-LJO-EPG |
| Plaintiff, | |
| v. | **ORDER SANCTIONING PLAINTIFF'S COUNSEL PURSUANT TO RULE 11** |
| **WELLS FARGO BANK, N.A.,** *et al.***,** | |
| Defendants. | (ECF Nos. 14, 20) |

## I. INTRODUCTION

On March 9, 2017, the Court issued a memorandum decision and order denying Plaintiff Kenneth Baker ("Plaintiff")'s motion to remand this case to state court, granting Defendant Wells Fargo Bank ("Wells Fargo")'s motion to dismiss for lack of standing, and ordering Plaintiff's counsel Laleh Ensafi ("Ms. Ensafi") to show cause why the Court should not sanction her for violating Rule 11(b). ECF No. 14. Ms. Ensafi timely filed her response (ECF No. 20) and Wells Fargo did not avail itself of the opportunity to file an optional brief on this matter. *See* ECF No. 14 at 14.

Upon review of Ms. Ensafi's response to its OSC, the Court has determined that a hearing is not necessary to resolve this matter. For the reasons the follow, the Court finds it appropriate to sanction Ms. Ensafi in the amount of $ 10,000.

1

## II. STANDARD OF REVIEW

Rule 11(b) of the Federal Rules of Civil Procedure[1] provides, in relevant part, that an attorney who presents to the Court a motion certifies that to the best of her knowledge, information and belief, "formed after an inquiry reasonable under the circumstances," that the motion "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." "An attorney who signs the paper without such a substantiated belief shall be penalized by an appropriate sanction." *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 392 (1990). If the Court determines that an attorney has violated Rule 11(b), the Court may impose appropriate monetary sanctions upon the attorney after issuing an order to show cause to the attorney and providing her notice and a reasonable opportunity to respond. Fed. R. Civ. P. 11(c); *see also Christian v. Mattel, Inc.*, 286 F.3d 1118, 1126 (9th Cir. 2002) ("One of the fundamental purposes of Rule 11 is to 'reduce frivolous claims, defenses or motions and to deter costly meritless maneuvers, … [thereby] avoid[ing] delay and unnecessary expense in litigation."). Rule 11 does not require the Court to make a finding of subjective bad faith. *See Zuniga v. United Can Co.*, 812 F.2d 443, 454 (9th Cir. 1987) ("[C]ounsel can no longer avoid the sting of Rule 11 sanctions by operating under the guise of a pure heart and empty head."). Rather, in determining whether Rule 11 sanctions are appropriate, the Court's inquiry "is whether a reasonable attorney, having conducted an objectively reasonable inquiry into the facts and law, would have concluded that the offending paper[s] w[ere] well-founded." *Schutts v. Bentley Nev. Corp.*, 966 F. Supp. 1549, 1562 (D. Nev. 1997) (citing *In re Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 434 (9th Cir. 1996)). If the Court issues an order imposing sanctions, it must "describe the sanctioned conduct and explain the basis for the sanction." *See* Fed. R. Civ. P. 11(c)(6).

---

[1] All further references to any "Rule" are to the Federal Rules of Civil Procedure.

## III. ANALYSIS

This case, which commenced in Stanislaus County Superior Court on October 26, 2016, sought to stop a non-judicial foreclosure of real property commenced by Wells Fargo, and to void the previously recorded foreclosure notices related to that real property. *See* Complaint, ECF No. 1. Following Wells Fargo's removal of the case to this Court, Wells Fargo filed a motion to dismiss the Complaint pursuant to Rule 12(b)(6), setting the motion hearing for February 9, 2017. Following the expiration of the opposition and reply filing deadlines on February 3, 2017, the Court issued a minute order taking the motion to dismiss under submission for decision on the papers. ECF No. 8; *see also* E.D. Cal. L.R. 230(c), (d).

On February 3, 2017, the same day the Court issued its minute order, Ms. Ensafi filed both a motion to remand the Complaint, setting the motion hearing for March 6, 2017 (ECF No. 9), and an untimely opposition to Wells Fargo's motion to dismiss (ECF No. 10). In the opposition, Ms. Ensafi apologized for her failure to file a timely opposition and stated that her failure to do so was on account of the fact that the Court had not yet ruled on the pending motion to remand—which she had just filed— and because she was never served with a copy of the motion to dismiss filed by Wells Fargo. ECF No. 10 at 2.[2] Ms. Ensafi signed the opposition and filed it on February 3, 2017. *Id.* at 12; *see also* E.D. Cal. L.R. 131(c) ("Anything filed using an attorney's name, login, and password will be deemed to have been signed by that attorney for all purposes, including Fed. R. Civ. P. 11").

Wells Fargo subsequently filed a reply in connection with its motion to dismiss, in which it contests both of Ms. Ensafi's assertions (ECF No. 11), and filed an opposition to Plaintiff's motion to remand (ECF No. 12).

In its March 9, 2017 Order, this Court denied Plaintiff's motion to remand, granted Wells Fargo's motion to dismiss, and ordered Ms. Ensafi to show cause why she should not be sanctioned for

---

[2] Pincites refer to CM/ECF pagination located at the top of each page.

3

violating Rule 11(b). ECF No. 14. Specifically, the Court noted that as follows, in reviewing the chronology of these proceedings:

> It seems most likely that Ms. Ensafi filed the remand motion in order to stall the adjudication of this case when she failed to file a timely opposition to Wells Fargo's motion to dismiss. Furthermore, upon review of the motion to remand, it is difficult not to deduce that Ms. Ensafi has merely copied and pasted a brief from another motion to remand without even bothering to substitute in the correct names[3] and dates[4], or research whether remand was a legally supportable option in this case. It is also clear that Ms. Ensafi was not being forthright when she stated that she "was never served a copy of the Motion to Dismiss filed by Defendant Wells Fargo Bank, N.A." ECF No. 10 at 2. According to the Court's CM/ECF system, Defense Counsel Scott Reigle filed the Motion to Dismiss at 2:50 PM PST on January 6, 2017, and notice was electronically mailed to Ms. Ensafi at two email addresses: lensafi@lpralc.com and ensafilaw@gmail.com. *See* ECF No. 6; *see also* E.D. Cal. L.R. 135(a) ("Service" as utilized in these Rules includes electronic service as set forth in the CM/ECF procedures in these Rules.").

ECF No. 14 at 13. Because the Court found that the motion to remand caused unnecessary delay and presented claims not warranted by existing law, the Court ordered Ms. Ensafi to show cause why the Court should not sanction her for violating Rule 11(b). *Id.* at 14. Specifically, the Court ordered Ms. Ensafi's response to:

1) address her reasons for stating that she was not served with Wells Fargo's motion to dismiss, when the Court's review of the record indicates that she was in fact served via the CM/ECF system;

2) describe her efforts in researching and drafting the motion to remand, especially in light of the fact that in her simultaneously-filed opposition brief, she asserted that the Court has diversity jurisdiction over this case (ECF No.10 at 3, 6-7); and

3) address her reasons for filing the motion to remand at 12:57 PM PST and then filing her opposition to Wells Fargo's motion to dismiss at 1:16 PM PST, and why she believed anyone would find it credible that she "erroneously failed to file an opposition [to the motion to dismiss] due to the fact that the motion to remand had not been decided." *See* E.D. Cal. L.R. 110.

---

[3] The motion to remand makes two references to "BOFA" (which the Court assumes to mean "Bank of America"), which is not referred to elsewhere in this case. *See* ECF No. 9 at 6, 8.

[4] The motion to remand refers to "a Notice of Pendency of Action [] recorded on the property in the Riverside County Recorder's Office on March 10, 2014," ECF No. 9 at 6, and at least two times, indicates that it seeks remand to Fresno County Superior Court, *id.* at 2, 3. However, this case arose in Stanislaus County and was not commenced until October 26, 2016. *See* Complaint.

4

*Id.* The Order also specified that Ms. Ensafi's response be "in Declaration form and under oath." *Id.*

The Court's Order was entered in the CM/ECF system on March 9, 2017, at 11:18 PST. At 1:37 PST on the same day, Ms. Ensafi filed a Notice of Settlement, indicating that the parties had "reached an agreement in principle to settle the case, anticipate filing a stipulation for dismissal with a proposed order after the settlement agreement is finalized, and that the court need not rule on the motions pending before it." ECF No. 15 at 2. Upon receipt of the Notice of Settlement, the Court notified Ms. Ensafi via minute order that the OSC remained in full effect and reminded her of the deadline. ECF No. 16. Ms. Ensafi subsequently filed her response to the OSC. ECF No. 20.

The Court first notes that Ms. Ensafi did not draft her response in accordance with the Court's order, which directed her to file the response "in Declaration form and under oath." *See* ECF No. 14 at 14. Notwithstanding Ms. Ensafi's failure to comply with this directive, the Court will proceed to evaluate the merits of Ms. Ensafi's response, because pursuant to Local Rule 131(c), "anything filed using an attorney's name, login, and password will be deemed to have been signed by that attorney for all purposes, including Fed. R. Civ. P. 11." Therefore, because Ms. Ensafi electronically filed her response, it is likewise subject to Rule 11. E.D. Cal. L.R. 131(c).

In response to the Court's first question as to why she stated that she was not served with Wells Fargo's motion to dismiss, Ms. Ensafi states she did not receive her ECF email notifications at the time because "all of the ECF emails were being sent to a different folder and not in her inbox [sic]." ECF No. 20 at 3. Ms. Ensafi does not state when she became aware that Wells Fargo filed the motion to dismiss, and does not state on what date she viewed the electronic notification sent out by the Court's CM/ECF system. It is beyond dispute that the CM/ECF notification for the motion to dismiss was electronically served on Ms. Ensafi's Gmail address, and her statement that the notification was "sent to a different folder" is consistent with this fact. *See* ECF No. 6. Ms. Ensafi's failure to file a timely response to the motion to dismiss was therefore a result of her careless management of her email, not because she was not served. The carelessness of counsel, especially if it causes detriment to her client, may be grounds

for finding a violation of Rule 11. *See Citibank Global Mkts., Inc. v. Santana*, 573 F.3d 17, 32 (1st Cir. 2009) (a showing of "at least culpable carelessness" is required before a violation of Rule 11 can be found). Here, because Ms. Ensafi's carelessness caused Plaintiff to miss the deadline to file his opposition, the Court finds that she is sufficiently culpable for purposes of Rule 11 sanctions.

In response to the Court's second question about the research and drafting of the motion to remand, Ms. Ensafi states that her reason for filing the motion to remand "was to preserve the record and plead that not all parties to the Complaint agreed to the remand [sic][5] which is a requirement pursuant to a removal." ECF No. 20 at 4. The response then cites several cases pertaining to the rule of unanimity (which, for cases involving multiple defendants, requires that all defendants consent to removal of the case), and states that Ms. Ensafi believed Wells Fargo had not obtained the consent of all Defendants. *Id.* at 4-5. However, a review of the notice of removal filed by Wells Fargo reveals that the only other named defendant, Barrett, Daffen, Frappier, Treder & Wiess, LLP ("Barrett") had consented to removal of the case. ECF No. 1-3. The consent of remaining defendants, all of whom are unknown or fictitious[6], was not required, by the plain language of the removal statute. *See* 28 U.S.C. § 1441(b)(2)(A); *Tatevossian v. Wells Fargo Bank*, CV 16-03135 AB (MRWx), 2016 WL 4367235, at *3 (C.D. Cal. Aug. 12, 2016) ("Plaintiff's second argument that the lack of consent from and unknown citizenship of the Doe Defendants undermines subject matter jurisdiction fails under the plain language of the removal statutes … [O]nly defendants who have been served need join in or consent to removal."). The Court finds that a reasonable attorney conducting an objectively reasonable inquiry into the law and facts of this case, would not have filed a motion to remand, given that Barrett had clearly consented to removal, and that the plain language of the removal statute demonstrates that the consent of the remaining defendants was not required. *See Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d at 434. Furthermore, Ms. Ensafi's response also fails to address

---

[5] The Court assumes that by "remand," Ms. Ensafi meant "removal."

[6] The Complaint lists the remaining Defendants as "All Persons or Entities Unknown Claiming Any Legal or Equitable Right, Title, Estate, or Interest in the Property Described in this Complaint Adverse to Plaintiff's Title, or Any Cloud Upon Plaintiff's Title Thereto," and "Does 1-100, inclusive."

why she filed the motion to remand notwithstanding the fact that she conceded in her opposition to the motion to dismiss that the Court has diversity jurisdiction over her case. *See* ECF No. 10 at 3. Finally, based on the obvious typographical errors in the motion to remand, as noted in the Court's previous order, it is clear that Ms. Ensafi did not expend sufficient time preparing and drafting the motion before she filed it. Therefore, the Court concludes that Ms. Ensafi's filing of the motion to remand was in violation of Rule 11(b) and warrants sanctions.

In response to the Court's third question as to why she filed the motion to remand at 12:57 PM PST and then filed the opposition at 1:16 PM, and why she believed that anyone would find it credible that she "erroneously failed to file an opposition [to the motion to dismiss] due to the fact that the motion to remand had not been decided," Ms. Ensafi states that she "stated in error that the reason for not filing an Opposition to the Motion to Dismiss was because of the Motion to Remand," and that the reason she failed to file a timely opposition was "due to the service issue." ECF No. 20 at 3. The Court does not find Ms. Ensafi's statements to be a satisfactory response to its inquiry. Ms. Ensafi's conduct throughout these proceedings could reasonably be interpreted as reflecting bad-faith dilatory tactics to stall the adjudication of this case and a lack of respect for this Court's intelligence, or at best, reflecting extreme carelessness towards the interests of her client and the drafting of her pleadings. The Court finds Ms. Ensafi's conduct to be particularly alarming, given the fact that her client was in a vulnerable situation. Therefore, the Court finds that Ms. Ensafi's filing of her motion to remand, the filing of the opposition, and her subsequently-provided explanation to be in violation of Rule 11(b) and deserving of sanctions.

The Court is also cognizant of the fact that Ms. Ensafi filed the notice of settlement in this case approximately two hours after the electronic filing of the Court's order denying remand, dismissing the case, and issuing the OSC against her on March 9, 2017. *See* ECF Nos. 14, 15. Ms. Ensafi's response states that she and counsel for Wells Fargo, Scott Reigle, had been in settlement discussions "over the past several months," and that they have been "working diligently to get a settlement underway." ECF

No. 20 at 3. She states that on February 15, 2017, she and opposing counsel settled the case, and that although it was the "hope and intentions" of the parties to file a notice of settlement sooner, opposing counsel did not email her the settlement agreement until March 9, 2017, and that she immediately filed the notice of settlement on the same day. *Id.* at 5. Defense counsel has neither confirmed nor denied Ms. Ensafi's account of their settlement discussions. The Court finds it questionable that the parties settled the case on February 15, 2017, given that Wells Fargo filed an opposition to the motion to remand on February 17, 2017. *See* ECF No. 12. Additionally, in light of her previous conduct in this case, the Court finds it likely that Ms. Ensafi's filing of the notice of settlement was an attempt to evade the Court's OSC. Nevertheless, upon review of the relevant law, the Court does not believe that Ms. Ensafi's filing of the notice of settlement to be conduct that supports monetary sanctions against her, but admonishes Ms. Ensafi that the optics of this scenario do not reflect favorably upon her.

**CONCLUSION**

Based on the foregoing, in recognition that the main purpose of Rule 11 is deterrence[7], and its duty to supervise the conduct of attorneys appearing before it[8], the Court finds it appropriate to **SANCTION** Ms. Ensafi in the amount of **$ 10,000**. Ms. Ensafi must pay this amount to the Clerk of Court **within 14 calendar days** of the date of this Order (**on or before April 26, 2017**). This sanction is levied against Ms. Ensafi and not Plaintiff Kenneth Baker. Fed. R. Civ. P. 11(c)(5)(A).

IT IS SO ORDERED.

    Dated: __**April 11, 2017**__            __/s/ Lawrence J. O'Neill__
                                                          UNITED STATES CHIEF DISTRICT JUDGE

---

[7] *See* 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1334, at 542 (3d ed. 2004) ("[T]he purpose of Rule 11 is to deter, not to compensate or to punish, although the three purposes obviously overlap and in many situations all will be served by a particular sanction.").

[8] *Erickson v. Newmar Corp.*, 87 F.3d 298, 301-03 (9th Cir. 1996).