UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| KENNETH BAKER, | 1:16-cv-01943-LJO-EPG |
|---|---|
| Plaintiff, | |
| v. | ORDER REDUCING SANCTION AMOUNT; NOTICE REGARDING FUTURE MISCONDUCT |
| WELLS FARGO BANK, N.A., *et al.*, | |
| Defendants. | |

On April 12, 2017, this Court issued an order sanctioning Plaintiff's counsel Laleh Ensafi in the amount of $10,000 for her violations of Federal Rule of Civil Procedure 11(b) throughout these proceedings. ECF No. 21. The order cited three grounds for sanctioning Ms. Ensafi pursuant to Rule 11(c): (1) her careless management of her email, which resulted in Plaintiff missing the deadline to file an opposition to the defendant's motion to dismiss; (2) her filing of a carelessly drafted and legally futile motion to remand that unnecessarily stalled the adjudication of this case; and (3) her inane response to the Court's question of why she filed the motion to remand at 12:57 PM and then filed a late opposition to the motion to dismiss at 1:16 PM on the same day, and why she believed anyone would find it credible that she "erroneously failed to file an opposition [to the motion to dismiss] due to the fact that the motion to remand had not been decided." *Id.* at 5-7. The order further specified that Ms. Ensafi was to pay the $10,000 sanction to the Clerk of Court on or before April 26, 2017. *Id.* at 8.

On April 25, 2017, at 4:01 PM, Ms. Ensafi contacted the Court's Deputy via email, stating as

follows: "I have a sanction order that is due tomorrow, but I do not have the entire funds, and I do not know if its [sic] possible to make payments? I just do not know how I can go about this or who I may contact. Please advise." On April 26, 2017, at 9:27 AM, Ms. Ensafi sent the following email to the Court's Deputy:

> I believe I can come up with $5,000. I received $1,500 from the firm on the case, I am a young 31 year old attorney and I will need to borrow the rest of the funds. Further, case settled [sic] in favor of everyone and all parties came out happy. Case settled [sic] prior to the response on the OSC and arguably sanction order may be moot or not amount to Rule 11 improper purpose [sic]. I apologize to the Court for this whole mess. In light of the many circumstances, would the Judge consider reducing the sanction order to $5,000?
>
> I appreciate all the time and attention you have put on this matter and any consideration will not be forgotten and deeply appreciated.

In light of Ms. Ensafi's alleged financial hardship, **the Court ORDERS that the sanction amount be reduced to $5,000 on the condition that Ms. Ensafi pay the sanction, and it be received by the Clerk of Court before 5:00PM on Friday, April 28, 2017**. The Court advises Ms. Ensafi that her conduct in these proceedings was indisputably in violation of Rule 11(b), and that its decision to reduce the sanction amount was solely based on her alleged financial hardship. Should Ms. Ensafi fail to pay the $5,000 sanction before the April 28 deadline, the consequences will be dire, and will include (but not be limited to) the original amount of $10,000 being reinstated.

The Court also finds it appropriate at this time to issue a notice to Ms. Ensafi regarding the consequences of future misconduct in any federal court. As this Court has noted in its previous order, ECF No. 14 at 13, Ms. Ensafi's misconduct in this case was reminiscent of her misconduct in *Woodard v. Wells Fargo Bank, N.A.*, No. 5:14-cv-01017-ODW (SHx) (C.D. Cal 2014), a case substantially similar to this one in both law and factual underpinning. In *Woodard*, U.S. District Judge Otis D. Wright sanctioned Ms. Ensafi for violating Rule 11(b), noting that a motion Ms. Ensafi had filed was "deficient on numerous grounds," "raise[d] serious questions about Ensafi's understanding of basic, well-settled legal principles," and also stated that Ms. Ensafi's conduct was "particularly troubl[ing] because of the

nature of the action and the perceived vulnerability of Plaintiff." Dkt. No. 29, filed Oct. 16, 2014. Judge Wright found that Ms. Ensafi had violated Rule 11(b), that her conduct warranted sanctions in the amount of $1,000, and advised Ms. Ensafi "to review the basic principles of federal subject-matter jurisdiction before appearing in federal court in the future." *Id.*

Over two years have elapsed since Judge Wright issued this warning to Ms. Ensafi, and her conduct in this case demonstrates that Ms. Ensafi paid no heed to Judge Wright's warning. Ms. Ensafi again filed a legally unsupportable motion, ECF No. 9, wherein she raised the same arguments that Judge Wright had previously rejected, and this Court likewise rejected. As the Court noted in its order sanctioning Ms. Ensafi, the main purpose of Rule 11 is deterrence. ECF No. 21 at 8. Accordingly, the Court **HEREBY GIVES NOTICE** to Ms. Ensafi that if she disregards the warnings of this Court and violates Rule 11 in any federal court again, the next assigned judge may impose sanctions upon her that may be far greater than what this Court initially deemed appropriate to impose against her. The Court **FURTHER GIVES NOTICE** to Ms. Ensafi that any federal judge she appears before in the future will be fully informed of her prior conduct and will not tolerate her attempts to evade Rule 11(b) obligations, nor is it likely that the judge will entertain any last-minute pleas for sympathy.

IT IS SO ORDERED.

Dated: **April 26, 2017**          /s/ Lawrence J. O'Neill
                                   UNITED STATES CHIEF DISTRICT JUDGE